# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JERRY PAUL MELVARD**                                   **PETITIONER**

**v.**                    **No. 4:26-cv-00072 LPR-PSH**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**              **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## <u>DISPOSITION</u>

Petitioner Jerry Paul Melvard ("Melvard"), currently in the custody of the ADC's East Arkansas Regional Unit, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the undersigned recommends the petition be dismissed as untimely.

On October 25, 2023, Melvard pleaded guilty in Independence County to kidnapping and violating an order of protection. Melvard also entered a plea of no contest to rape and domestic battery in the first degree. He was sentenced to imprisonment of 360 months for kidnapping, 360 months for rape, 240 months for domestic battering, and 12 months for violating a protective order, all terms of imprisonment to run concurrent with a 420 month federal term of imprisonment for kidnapping a person (his wife) from a U.S. Post Office. The federal term was also a result of a guilty plea he entered on the same day he entered his pleas to the state charges.

No direct appeal or postconviction petition was filed challenging Melvard's state court convictions prior to the filing of this petition on January 20, 2026. A state court petition for writ of habeas corpus was filed in Lee County four days after the filing of this federal petition. Doc. No. 12-1. The state court petition remains pending. In his petition, Melvard recognizes that "none of the grounds raised have

been presented in any state or federal court previously due to guilty plea." Doc. No. 2, page 12.

Melvard advances three claims for habeas corpus relief: (1) Double jeopardy; (2) Judgment and Commitment Order facially invalid; and (3) Trial court lack of jurisdiction.

**Statute of Limitations**

Respondent Dexter Payne ("Payne") contends the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one-year period of limitation on petitions for writ of habeas corpus:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne rightly contends Melvard should have filed his federal habeas petition on or before November 24, 2024, to comply with the timeliness provisions of 28 U.S.C. § 2244. Specifically, Payne calculates that Melvard's conviction became final on November 24, 2023, thirty days after judgment was entered based upon his pleas of guilty and no contest. *See* 28 U.S.C. § 2244(d)(1)(A); *Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015); and Ark. R. App. P.—Crim. 2(a). The one-year deadline within which Melvard could file his habeas petition therefore would have expired on November 24, 2024, unless statutory or equitable tolling applied.

*Statutory Tolling*

Payne correctly states that the limitations period would not be statutorily tolled by Melvard's state court petition for habeas corpus because it was filed on January 24, 2026, well after the limitations period had run. A state court petition filed after November 24, 2024, could not operate to toll the limitations period because "there was no federal limitations period remaining to toll." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Absent any statutory tolling, the petition was filed more than thirteen months late.

4

*Equitable Tolling*

This does not end the analysis, however, since the failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). The burden of proving that equitable tolling is appropriate rests with the petitioner. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

The Court notified Melvard of his opportunity to respond to Payne's assertion that the petition is time-barred. Doc. No. 10. Melvard responded by filing a reply detailing events in the years leading up to the date of the offenses and describing that day at length.[1]  Doc. No. 11. Neither Melvard's petition nor his reply provide any overt explanation of why he was unable to file his federal petition in a timely fashion.

---

[1] Additionally, an Amicus Brief was filed by James E. Wennerstein, on February 26, 2026. Doc. No. 8. Wennerstein, who is also serving a sentence at the East Arkansas Regional Unit, also assisted in the preparation of Melvard's petition and accompanying brief. His brief addresses Melvard's allegations concerning facial invalidity of the judgment and commitment and lack of jurisdiction.

Liberally construing the pleadings, the undersigned finds two possible arguments that might explain Melvard's untimely filing.

First, in his habeas corpus petition, Melvard alleges he entered his guilty pleas in state court "without the benefit of counsel and after being threatened with life imprisonment." Doc. No. 2, page 22. The record establishes, however, that Melvard *was* represented by counsel when he entered his pleas.[2] And in Melvard's reply, he does not explain how alleged lack of counsel at the time he entered his pleas made it impossible for him to file a timely habeas petition more than a year later. There is no evidence of "extraordinary circumstances" which made it impossible for Melvard to file a petition on time. And there is no showing Melvard was lulled into inaction.

The second possible argument for equitable tolling is Melvard's claim of actual innocence. His reply, Doc. No. 11, provides a version of the events different from those stipulated to at the plea hearing. This differing version, however, does not serve to equitably toll the limitations period. The Supreme Court, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), held that actual innocence, if proved, may serve as

---

[2] Melvard, his trial counsel, and the state prosecutor executed a Stipulated Factual Finding for Plea Agreement on October 24, 2023. This document, filed the next day, reflected Melvard's stipulation that the prosecution could prove the following: he removed and restrained the victim without her consent for the purpose of engaging in sexual intercourse and/or terrorizing her (supporting the kidnapping guilty plea); he engaged in sexual intercourse or deviate sexual activity without the victim's consent by forcible compulsion (supporting the rape plea); he purposefully caused physical injury to the victim by means of a firearm (supporting the battery plea); and he knowingly violated a valid order of protection (supporting the violation of protection order guilty plea). Melvard and his attorney stipulated and approved the Order as to form and content. Doc. No. 9-3.

a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations.  The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare.  To advance a tenable claim, Melvard must meet the standard set by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Court went on to set the standard required of Melvard; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  513 U.S. at 327.  This demanding standard is difficult to meet, especially in cases like this, where Melvard entered a plea of guilty to kidnapping and violation of a protection order and no contest to rape and first degree battery.  A guilty plea is "an admission of guilt that waives all non-jurisdictional defects."  *See United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).  "Stated differently, a valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence."  *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) [internal quotations omitted].  A plea of *nolo contendere* is viewed likewise, that is, "a plea of *nolo contendere* is an admission of guilt that waives all non-jurisdictional

defects and defenses." *See United States v. Jones*, 479 F.3d 975, 978 (8th Cir. 2007). Having stipulated to the facts underlying all four crimes, Melvard now contends he is innocent.

The mere assertion of innocence, however, falls far short of satisfying the demanding test of *McQuiggin v. Perkins, supra.* Melvard does not provide "new, reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324. Rather, he provides a version of the facts directly at odds with the version he previously provided. Even if there were a new trial a jury would be faced with a credibility decision on whether to credit Melvard's first version of the crimes or to believe the subsequent version. A reasonable juror could certainly find the first statement credible and find Melvard guilty. *See McCaslin v. Kelley*, No. 5:17-CV-0077-KGB-JTK, 2019 WL 8112638, at *2–3 (E.D. Ark. Mar. 22, 2019), *report and recommendation adopted,* No. 5:17-CV-00077-KGB, 2020 WL 1015749 (E.D. Ark. Mar. 2, 2020) (in a case where the petitioner pled guilty, the rape victim's later recantation did not completely negate her initial statement and disclosures to the police, noting the "Eighth Circuit Court of Appeals has consistently held that '[c]ourts look upon recantations with suspicion.' *United States v. Miner*, 131 F.3d 1271, 1273 (8th Cir. 1997)). In summary, Melvard's description of the events in the pleadings in this case does not constitute the "new reliable evidence" envisioned in

8

*Schlup v. Delo, supra.*  As a result, Melvard fails to establish actual innocence as a pathway to defeating the limitations period.

Absent any statutory or equitable tolling, the limitations period expired about thirteen months before Melvard filed this habeas corpus petition.  Accordingly, the undersigned recommends the petition be dismissed as untimely.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 2nd day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE